**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASON PETRILLO : | |
| 111B Wasson Avenue : | CIVIL ACTION |
| Dubois, PA 15801 : | |
| : | CASE NO.: _____ |
| Plaintiff, : | |
| v. : | |
| : | JURY TRIAL DEMANDED |
| OWENS BROCKWAY GLASS : | |
| CONTAINER, INC. : | |
| 1 Michael Owens Way : | |
| Perrysburg, Ohio 43551-2999 : | |
| : | |
| Defendant. : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Jason Petrillo (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Owens-Brockway Glass Container, Inc. (*hereinafter* referred to as "Defendant," unless indicated otherwise) for violations of the Americans with Disabilities Act, as amended- 42 U.S.C. §12101 ("ADA") and the Family and Medical Leave Act- 29 U.S.C. §2601 ("FMLA").[1]  Plaintiff was discriminated against because of his actual and/or perceived disabilities and retaliated against for requesting accommodations.  Defendant also violated Plaintiff's FMLA rights.  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff dual filed his EEOC Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff intends to amend his complaint to include PHRA claims pending before the PHRC once such claims are fully and administratively exhausted. These claims will identically mirror claims already filed herein (with no separate distinctions in allegations). This footnote is included for notice purposes only.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. Any state claims amended herein or included would be proper under this Court's ancillary or supplemental jurisdiction to hear state claims arising out of the same common nucleus of operative facts as those set forth in Plaintiff's federal claims.

3. This Court may properly maintain personal jurisdiction over Defendant because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this District because actions underlying this case occurred in this District and Defendant is deemed to reside where they are subject to personal jurisdiction, rendering Defendant herein as well.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult male residing in DuBois, Pennsylvania.

7. Owens-Brockway Glass Container, Inc. is a company that manufactures and sells glass containers.

8. At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9. Plaintiff exhausted his administrative remedies regarding his ADA claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing this Complaint within 90 days of receiving a right-to-sue letter.

## **FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is an adult male.

12. Plaintiff was hired by Defendant in or about June 2016.

13. Throughout his employment, Plaintiff worked full-time as a furnace/tank attendant at Defendant's Brockway, PA location.

14. Plaintiff was qualified for this job because he has the requisite skill and experience to perform it.

15. At the time of his termination in January 2020, Plaintiff worked primarily in the tank floor department.

16. Plaintiff was supervised by Plant Assistant Superintendent, Ron Benninger and Shift Foreman, Bryan Baughman.

17. At all times relevant herein, Plaintiff has suffered from health/medical conditions, including Lyme's disease and a serious sleep disorder.

18. Plaintiff has obtained medical treatment for these conditions, as these conditions interfere with and substantially limit Plaintiff's daily activities, including but not limited to, sleeping, breathing, blood pressure, concentrating, focusing and, at times, working.[2]

---

[2] This paragraph is not intended to include an exhaustive list of major life activities which Plaintiff's disability interferes and/or substantially limits but merely contains examples of some of the daily life activities which are affected and limited.

3

19. As a result of Plaintiff's medical conditions, he, at times, experiences breathing issues, unconsciousness, extreme fatigue, headaches, and poor focus and concentration.

20. Plaintiff disclosed his medical conditions and its effects to Defendants.

21. Despite his medical conditions and their effects on Plaintiff, Plaintiff was still able to perform all the essential functions of his job, with accommodations.

22. In or about August of 2018, Plaintiff informed Mr. Benninger that he had been diagnosed with Lyme's disease and was treating with a doctor.

23. Plaintiff was placed on antibiotics, but he began to suffer from symptoms of severe fatigue and sleepiness.

24. As a result, he arrived for work late a few times.

25. Plaintiff informed Benninger that he was undergoing treatment and diagnostic testing with a physician to try to determine why he remained ill and fatigued and that his minimal lateness was medically related.

26 Plaintiff was unaware that he could request medical leave or FMLA to cover time off to treat and care for his disabilities or to cover his medically-related lateness, and at no time did Defendant offer Plaintiff FMLA leave, notify Plaintiff of his FMLA rights, designate his absences as FMLA-qualifying/excused or otherwise communicate with Plaintiff about FMLA or medical leave.

27. Rather, in or about 2019, Defendant issued Plaintiff written discipline for his medically related lateness.

28. Thereafter, Plaintiff continued to perform his duties satisfactorily for several months, as he was attempting to manage his health conditions and its serious effects on him.

29. In or about November 2019, Plaintiff was issued a written discipline from Baughman for purportedly falling asleep while standing up.

30. As a result, Plaintiff continued to seek medical treatment for his conditions, including being prescribed B-12 shots and a home sleep study and then being referred for a more intensive in-lab sleep study.

31. Plaintiff kept Defendant informed about his medical conditions and the treatment he was undergoing, including but not limited to, telling Berringer that he was undergoing a sleep study and ongoing treatment for his health conditions.

32. On or about January 25, 2020, as Plaintiff was working his overnight shift, Baughman accused Plaintiff of sleeping during his shift.

33. Baughman then informed Plaintiff that he was being suspended pending termination.

34. Shortly thereafter, Plaintiff's doctor confirmed his diagnosis of severe sleep apnea and obstructive breathing and Plaintiff was prescribed a CPAP machine, which he began using.

35. Plaintiff then provided Defendant medical documentation regarding his condition and treatment, and informed Defendant of the status of his medical conditions, that he was obtaining treatment and was able to return to work; however, Defendant has not returned him to work or otherwise reached out to him to return to work.

36. Thus, Defendant effectively terminated Plaintiff and failed to allow him to return to work or re-hire him.

37. Based on the foregoing, Plaintiff was terminated and not reinstated by Defendant because of his actual/perceived/record of health conditions, his requested accommodations and need for FMLA leave. Defendant also failed to accommodate Plaintiff under the ADA or engage

in any interactive process with Plaintiff to determine what, if any, accommodations could be provided.

### Count I
### Violations of Americans with Disabilities Act, as amended ("ADA")
**(Actual/Perceived Disability Discrimination; Retaliation; Failure to Accommodate)**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff suffers from qualifying disabilities.

40. Plaintiff was qualified to perform the essential functions of his job, with reasonable accommodations, including but not limited to a short medical leave and/or limited time off from work.

41. Plaintiff requested accommodations, including permission to be infrequently late to work and for time off to obtain medical treatment for his medical conditions.

42. Defendant failed to accommodate Plaintiff, terminated him and failed to re-hire or reinstate him because of his actual and/or perceived medical conditions and in retaliation for requesting accommodations.

43. These actions constitute violations of the ADA, as amended.

### Count II
### Violations of the Family and Medical Leave Act ("FMLA")
**(Interference and Retaliation)**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

46. Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

47. Plaintiff had at least 1,250 hours of service with Defendant during the year prior to his request/need for medical leave.

48. Defendant is engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

49. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

50. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating/not reinstating Plaintiff for requesting and/or exercising his FMLA rights and/or for needing and/or taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (4) failing to properly notify and inform Plaintiff of his FMLA rights; (5) failing to properly designate Plaintiff's time off/lateness as FMLA-qualifying; and/or (6) engaging in conduct which discouraged Plaintiff from exercising his FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave.

51. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded liquidated damages pursuant to the FMLA for Defendant's unlawful conduct;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.      Plaintiff is to receive a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    */s/ Ari R. Karpf*
          Ari R. Karpf, Esq.
          Jeremy M. Cerutti, Esq.
          3331 Street Road
          Two Greenwood Square
          Suite 128
          Bensalem, PA 19020
          (215) 639-0801

Dated: January 28, 2021